STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION; AND CAROLINA POWER AND LIGHT COMPANY (APPLICANT); RUFUS L. ED-MISTEN, ATTORNEY GENERAL; EXECUTIVE AGENCIES OF THE UNITED STATES GOVERNMENT AND UNION CARBIDE CORPORATION v. NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION, INC.; THE PUBLIC STAFF-NORTH CAROLINA UTILITIES COMMISSION; AND KUDZU ALLIANCE

No. 674A82

(Filed 7 September 1983)

**Electricity § 3; Utilities Commission § 38— electric rates—reasonableness of cost of purchased power**

The Utilities Commission erred in failing to determine in a general rate case the reasonable level of fuel expenses, including the cost of purchased power, used by an electric utility in the generation and production of power during the test period.

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 240, 296 S.E. 2d 487 (1982), affirming the order of the North Carolina Utilities Commission entered 15 January 1982 in Docket No. E-2, Sub 391. Heard in the Supreme Court 15 March 1983.

*Charles D. Barham, Jr., Richard E. Jones and Robert S. Gillam for plaintiff appellee Carolina Power & Light Company.*

*Karen E. Long for defendant appellant North Carolina Utilities Commission Public Staff.*

PER CURIAM.

A recital of the evidence is not necessary in this opinion. See the decision of the Court of Appeals in this case for a statement of the facts.

This is a general rate case. The issue is whether the Court of Appeals erred in affirming the Utilities Commission's failure to determine the reasonable level of fuel expenses used in generation and production of power experienced during the twelve-month test period. This expense constituted approximately sixty-one percent of the company's operating and maintenance expenses.

The Commission in this case adopted the fuel costs from the Sub 402 fuel clause proceeding, which was based upon a four-

month test period. In the Sub 402 proceeding, which was consolidated with this proceeding, the reasonableness of the fuel expenses was not determined by the Commission.

For rate-making purposes, the reasonable operating expenses of the utility must be determined by the Commission. N.C. Gen. Stat. § 62-133(b)(3) (1982). These expenses include the costs of fuel and purchased power. The opinion of this Court by Meyer, J., in cases numbered 529PA82 and 530A82, *State ex rel. Utilities Commission v. Public Staff*, filed this date is controlling upon this issue.

The case must be remanded to the North Carolina Utilities Commission for a determination of the proper level of fuel expenses to be included in the applicant's rates and charges in Docket No. E-2, Sub 391.

The decision of the Court of Appeals is reversed, and the cause is remanded to the North Carolina Utilities Commission.

Reversed and remanded.