STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION: CAROLINA POWER AND LIGHT COMPANY (APPLICANT); THE PUBLIC STAFF— NORTH CAROLINA UTILITIES COMMISSION; AND NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION v. KUDZU ALLIANCE

STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION; DUKE POWER COMPANY (APPLICANT); NORTH CAROLINA TEXTILE MAN-UFACTURERS ASSOCIATION; AND PUBLIC STAFF, NORTH CAROLINA UTILITIES COMMISSION v. KUDZU ALLIANCE

Nos. 8210UC824 and 8210UC843

(Filed 20 September 1983)

1. **Utilities Commission § 38— fuel clause proceeding—cost of purchased power**

     It was error for the Utilities Commission to consider factors other than the cost of fossil fuel in a proceeding pursuant to former G.S. 62-134(e).

2. **Utilities Commission § 38— reasonableness of purchased power—consideration of in rate case**

     The cost of fuel is an operating expense of the utility and, as such, the Utilities Commission must examine these costs for the reasonableness of their having been incurred before incorporating them into the base rate.

APPEALS by intervenor Kudzu Alliance from Orders of the North Carolina Utilities Commission in case No. 8210UC843 (Duke Power Company) and case No. 8210UC824 (Carolina Power and Light Company). Orders in both cases were entered 26 February 1982. Both cases were heard in the Court of Appeals on 20 May 1983.

Pursuant to G.S. 62-134(e), applications were made to the North Carolina Utilities Commission by Duke Power Company (application filed 25 January 1982) and Carolina Power and Light Company (application filed 28 January 1982) for orders authorizing adjustments to the base retail rates of both applicants for billings from April 1982 through July 1982. The requested adjustments were based on increased fuel costs during the four month test period ending 31 December 1981.

Kudzu Alliance, the North Carolina Textile Manufacturers Association, and the Public Staff of the Utilities Commission intervened. The applications were heard by the Commission on 17, 18, and 19 February 1982. From orders entered 26 February 1982 granting both of the requested adjustments, Kudzu Alliance appealed.

*Edelstein and Payne, by M. Travis Payne, for intervenor appellant (Nos. 8210UC843 and 8210UC824).*

*Steve C. Griffith, Jr., George W. Ferguson, Jr., and William L. Porter for applicant appellee Duke Power Company (No. 8210UC843).*

*Bode, Bode and Call, by John T. Bode, and Richard E. Jones and Robert W. Kaylor for applicant appellee Carolina Power and Light Company (No. 8210UC824).*

Before Judges WHICHARD, JOHNSON and EAGLES.

Because of the similarity of the facts and the issues presented by the appeals in these two cases, we have combined our consideration of them. We note at the outset that G.S. 62-134(e), the statute governing the instant proceedings before the Utilities Commission, has been repealed. 1981 Session Laws (Reg. Sess., 1982) c. 1197, s. 2. The repealing statute provides that "all rates and changes under G.S. § 62-134(e) shall terminate not later than December 1, 1982." 1981 Session Laws (Reg. Sess., 1982) c. 1197, s. 3. Since the rate increases in the present cases involve a period before 1 December 1982, G.S. 62-134(e) controls the proceedings and our consideration of the orders emanating therefrom. *State ex rel. Utilities Commission v. Public Staff*, 58 N.C. App. 480, 293 S.E. 2d 880 (1982), *rev'd on other grounds* (see below), 309 N.C. 195, 306 S.E. 2d 435 (1983).

[1]   Appellant contends that the Commission erroneously considered factors other than the cost of fossil fuels in determining the increase in rates due to increased fuel costs. In *State ex rel. Utilities Commission v. Public Staff*, 309 N.C. 195, 306 S.E. 2d 435 (1983), our Supreme Court held that the Utilities Commission in fuel cost adjustment proceedings can consider only the fluctuations in the cost of fossil fuels — oil, coal and natural gas — used by the utility in the production of electric power in its generating units. We therefore agree with appellant and hold that it was error for the Utilities Commission to consider factors other than the cost of fossil fuel in the instant proceedings.

[2]   Appellant's remaining contentions are whether it is proper, in the context of a G.S. 62-134(e) fuel cost adjustment proceeding, to use a base rate, established in a general rate proceeding, the fuel cost component of which was itself derived from a G.S. 62-134(e) proceeding. In *State ex rel. Utilities Commission v. North Carolina Textile Manufacturers Association*, 309 N.C. 238, 306 S.E. 2d 113 (1983), our Supreme Court held, in a *per curiam* opinion, that it was improper to adopt the fuel costs established in the next preceding fuel cost adjustment proceeding as the fuel cost component used in establishing the general rate. Rather, that case holds that the cost of fuel is an operating expense of the utility and that, as such, the Utilities Commission must examine these costs for the reasonableness of their having been incurred before incorporating them into the base rate. The decisions of the Supreme Court in that case, and in *State ex rel. Utilities Commission v. Public Staff, supra,* are controlling with respect to this question.

Appellee admits that the fuel cost component of the base rate used in the instant fuel clause proceedings was established by the very method found improper by the Supreme Court in *State ex rel. Utilities Commission v. North Carolina Textile Manufacturers Association, supra.* Appellant contends that to allow the fuel cost adjustment established in the proceedings below would allow the utilities to set rates in order to recover past expenses. Inasmuch as the fuel cost component of the base rate in the present cases has not been properly examined for reasonableness, we agree with appellant's contention. It is improper to allow a utility to recover its past expenses through a rate that is supposed to be

prospectively applied. *Utilities Commission v. Edmisten, Atty. General*, 291 N.C. 451, 232 S.E. 2d 184 (1977).

Accordingly, we must reverse the orders of the Utilities Commission and remand these causes for such further proceedings as may be necessary in light of the recent opinions of our Supreme Court, cited above.

Reversed and remanded.