STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION AND CAROLINA POWER & LIGHT COMPANY (APPLICANT); U. S. DEPARTMENT OF DEFENSE; FEDERAL PAPER BOARD COMPANY, INC.; IDEAL BASIC INDUSTRIES; MONSANTO N. C.; UNION CARBIDE CORP.; WEYERHAEUSER CO.; AND NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION v. THE PUBLIC STAFF-NORTH CAROLINA UTILITIES COMMISSION; AND KUDZU ALLIANCE

No. 8210UC858

(Filed 18 October 1983)

**Electricity § 3; Utilities Commission § 38— electric rates—use of fuel costs established in fuel clause proceeding—failure to find reasonableness**

The Utilities Commission erred in using fuel costs established in a fuel clause proceeding under G.S. 62-134(e) as the fuel cost component for a power company in a general rate case without determining the reasonableness of the test year fuel expenses.

APPEAL by intervenors, the Public Staff-North Carolina Utilities Commission and Kudzu Alliance, from an order entered by the North Carolina Utilities Commission on 12 February 1982. Heard in the Court of Appeals 7 June 1983.

This case involves an application for a rate increase by Carolina Power and Light Company (hereinafter CP&L) filed with the North Carolina Utilities Commission on 15 May 1981. The application requested a 16.37 percent increase to produce additional annual revenue of approximately $151,432,000. In an order issued 12 June 1981, the Commission declared the application a general rate case pursuant to N.C. Gen. Stat. Sec. 62-137 and set the test period as the twelve months ending 31 December 1980. The following ten parties intervened: the Public Staff, the Kudzu Alliance, the Department of Defense, the North Carolina Textile Manufacturers Association, Inc., the Conservation Council of

North Carolina, Federal Paper Board Company, Ideal Basic Industries, Monsanto of North Carolina, Inc., Union Carbide Corporation, and Weyerhaeuser Company.

On 21 August 1981 CP&L filed revised testimony including information on revenues, expenses, investments and pro forma adjustments for a twelve month period ending 31 May 1981. The updating indicated that CP&L's cost of providing service had increased approximately $10,244,000 from 31 December 1980 to 31 May 1981. The Public Staff moved to strike the new data or in the alternative to delay the hearings, but the motion was denied. The Public Staff and the North Carolina Textile Manufacturers, also filed motions to consolidate a pending fuel clause proceeding with the general rate case. These motions were denied as well.

Public hearings took place from 12 October 1981 through 5 November 1981. On 12 October 1981 the Public Staff filed a motion requesting ten days to prepare cross examination. The Commission deferred ruling on the motion, but later denied the motion when it was renewed by the Public Staff on 5 November 1981. The Public Staff then waived cross examination because it allegedly had insufficient time to prepare.

The Commission granted a $119,197,000 increase to CP&L, which was 79 percent of its original request, by an order issued on 15 December 1981. The Commission issued its final order on 12 February 1982 affirming the 15 December 1981 order and setting out the grounds for the findings made therein. From the Commission's final order, the intervenors, Public Staff and Kudzu Alliance, appealed.

*Hunton & Williams, by Robert C. Howison, Jr. and Edgar M. Roach, Jr. and Richard E. Jones and Robert W. Kaylor for Carolina Power and Light Company, applicant, appellee.*

*Theodore C. Brown, Jr., Karen E. Long and Antoinette R. Wike for the Public Staff-North Carolina Utilities Commission, intervenor, appellant.*

*Edelstein and Payne, by M. Travis Payne for Kudzu Alliance, intervenor, appellant.*

HEDRICK, Judge.

The appellants, Public Staff and Kudzu Alliance, contend that the Commission erred by acting arbitrarily, capriciously and outside its statutory authority in granting a rate increase without determining reasonable test year fuel expenses pursuant to N.C. Gen. Stat. Sec. 62-133(b)(3). N.C. Gen. Stat. Sec. 62-133(b)(3) directs the Commission to "[a]scertain such public utility's reasonable operating expenses, including actual investment currently consumed through reasonable actual depreciation." In its Finding of Fact No. 16 the Commission stated:

> The fuel cost component which should be included in the rates approved in this proceeding is the base fuel cost approved in Docket No. E-2, Sub 434, the most recent proceeding under G.S. 62-134(e).

The appellants contend that fuel cost determined pursuant to a proceeding under N.C. Gen. Stat. Sec. 62-134(e) (repealed 1981) should not be used as a substitute for determining reasonable fuel costs in a general rate case because N.C. Gen. Stat. Sec. 62-134(e) provides for an expedited proceeding which does not account for overall system efficiency in deriving the reasonable cost of fuel during the test year. We agree.

The Supreme Court in *State ex rel. Utilities Comm. v. N. C. Textile Mfrs. Assoc.*, 309 N.C. 238, 306 S.E. 2d 113 (1983) held that it was improper to adopt fuel costs established in the next preceding fuel cost adjustment proceeding as the fuel cost component used in establishing the general rate. In a general rate case the reasonable operating expense of the utility must be determined by the Commission. These expenses include the cost of fuel and purchased power.

Therefore, we must reverse the order of the Utilities Commission and remand this cause for such further proceedings as may be necessary in light of recent Supreme Court decisions.

Reversed and remanded.

Judges WELLS and PHILLIPS concur.