STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION; DUKE
POWER COMPANY (APPLICANT); NORTH CAROLINA PUBLIC INTEREST
RESEARCH GROUP; NORTH CAROLINA TEXTILE MANUFACTURERS
ASSOCIATION; PEOPLES ALLIANCE; AND PUBLIC STAFF, NORTH
CAROLINA UTILITIES COMMISSION v. CONSERVATION COUNCIL OF
NORTH CAROLINA; GREAT LAKES CARBON CORPORATION; AND KUD-
ZU ALLIANCE

No. 8210UC854

(Filed 7 February 1984)

**Electricity § 3; Utilities Commission § 38— general rate case—use of fuel costs set in expedited proceeding**

The Utilities Commission erred in determining the base fuel cost of an electric utility in a general rate case by using the fuel cost previously set in an expedited fuel cost adjustment proceeding under G.S. 62-134(e) without determining the reasonable level of fuel costs for the test period.

Chief Judge VAUGHN concurs in part and dissents in part.

ON rehearing.

*Kennedy, Covington, Lobdell & Hickman, by Clarence W. Walker and Stephen K. Rhyne, and Steve C. Griffith, Jr., George W. Ferguson, Jr., and William L. Porter for applicant-appellee Duke Power Company.*

*Daniel V. Besse for intervenor-appellant Conservation Council of North Carolina.*

*Byrd, Byrd, Ervin, Blanton, Whisnant & McMahon, P.A., by Robert B. Byrd and Sam J. Ervin, IV, for intervenor-appellant Great Lakes Carbon Corporation.*

*Edelstein and Payne, by M. Travis Payne, for intervenor-appellant Kudzu Alliance.*

BECTON, Judge.

The opinion in this case was filed on 4 October 1983, and is reported in 64 N.C. App. 266, 307 S.E. 2d 375. In apt time, intervenor-appellants, Great Lakes Carbon Corporation and Kudzu Alliance, filed a petition to rehear. The petition was allowed solely for the purposes of (1) noting that our cite to *State ex rel. Utilities Comm'n v. N. C. Textile Mfrs. Ass'n,* appearing in 64

N.C. App. at 273, 307 S.E. 2d at 380, is incomplete (added to the citation should be the following: "*rev'd. on other grounds*, 309 N.C. 238, 306 S.E. 2d 113 (1983)"); and (2) clarifying our opinion by substituting the following for all of Part V of the opinion filed heretofore:

### V

Appellants contend the Commission failed to ascertain Duke's reasonable operating expenses as required by N.C. Gen. Stat. § 62-133(b)(3) (1982) when it determined the base fuel cost from a fuel cost previously set in an expedited fuel cost adjustment proceeding pursuant to N.C. Gen. Stat. § 62-134(e) (Supp. 1979) (repealed 1982). Finding of Fact Number 16 indicates the Commission in the present general rate case established a base fuel cost of 1.3093¢ per kWh by taking the 1.4660¢ per kWh cost set in a recent G.S. § 62-134(e) proceeding and reducing it by .1567¢ per kWh for fuel savings related to operation of McGuire Unit One. From the "Evidence and Conclusions for Finding of Fact No. 16" it appears that a Public Staff witness recommended a base fuel cost of 1.1944¢ per kWh, calculated from the cost set in an earlier G.S. § 62-134(e) proceeding less the fuel savings due to McGuire. The only difference between the Public Staff recommendation and the Commission's finding is that the Commission used a fuel cost from a more recent G.S. § 62-134(e) proceeding.

The G.S. § 62-134(e) proceeding was intended to allow a utility to frequently change its rates based solely on fluctuations in fuel costs. *State ex rel. Utilities Comm'n v. Public Staff*, 309 N.C. 195, --- S.E. 2d --- (filed 7 September 1983). The reasonableness of a utility's fuel costs may not be considered in a G.S. § 62-134(e) proceeding. *Id.* Indeed, "[t]he words of G.S. § 62-134(e) make it clear that only changes in rates *based solely upon the increased cost of fuel* are to be considered." *Id.* at ---, --- S.E. 2d at ---. In contrast, the N.C. Gen. Stat. § 62-133(b)(3) (1982) requirement that the Commission ascertain "reasonable operating expenses" has been interpreted to mean the reasonableness of fuel costs must be considered in general rate cases. *Id.*

And the difference in the two statutes makes sense. The general rate hearing—not the expedited fuel adjustment proceeding—is the proper forum for considering the "myriad factors" that relate to the fuel component of rates. N.C. Gen. Stat.

§ 62-133(c) (1982) establishes a 12-month test period for general rate cases. Under G.S. § 62-134(e), only 4 months of data is required. Consequently, our Supreme Court, in a *per curiam* opinion, recently reversed this Court's decision in *State ex rel. Utilities Comm'n v. N. C. Textile Mfrs. Ass'n,* 309 N.C. 238, 306 S.E. 2d 113 (1983), and held that because the reasonableness of rates cannot be determined in an expedited hearing, the Commission cannot "adopt" the 4-month expedited hearing figures in a general rate case. *Id.* at ---, 306 S.E. 2d at 114.

It is true that the hearing transcript contains some testimony concerning the reasonableness of costs incurred by Duke for fuel over a 12-month period. However, there is no indication from the Order of the Commission, that the Commission ever ruled upon the "reasonableness" of fuel costs. Indeed, the Commission, without giving any reasons, seemed to have ignored the historical data and to have adopted higher costs determined as a result of the expedited fuel adjustment hearing. These factors compel us to remand this matter to the Commission for a determination whether the current record contains sufficient evidence of "reasonableness" to provide a basis for new findings on "the proper level of fuel expenses to be included in [Duke's] rates and charges." *Id.* If the Commission is unable to determine reasonable future fuel costs from actual past costs over a 12-month period, adjusted for abnormalities and considering cost changes occurring up to the time of the hearing, then the Commission may reopen the hearing and take evidence on the reasonableness of Duke's fuel costs over the 12-month period.

As we indicated in the opinion heretofore filed on 4 October 1983, "[a]bsence of proper findings is an error of law and basis for remand under G.S. § 62-94(b)(4) because it frustrates appellate review." Except as herein modified, we adhere to the opinion heretofore filed, noting Chief Judge Vaughn's continuing dissent.

Affirmed in part and remanded in part.

Chief Judge VAUGHN concurs in part and dissents in part.

Judge BRASWELL concurs.